UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMERISURE MUTUAL
INSURANCE COMPANY,

      Plaintiff,

v.                          CASE NO.  8:11-CV-77-T-17TGW

SUMMIT CONTRACTORS,
INC., et al.,

      Defendants.

_____/

ORDER

This cause is before the Court on:

| Dkt. 126 | Motion to Intervene (Bordeaux Condominium Association, Inc.) |
| Dkt. 127 | Response in Opposition (Amerisure) |
| Dkt. 128 | Motion for Relief from Stay and Notice of Non-Objection to Bordeaux's Motion to Intervene (Summit Contractors, Inc.) |

The Bordeaux Condominium Association, Inc. ("BCA") seeks leave to intervene as a Defendant in this action, and file its Answer, Affirmative Defenses and Counterclaim.  BCA is the holder of a consent judgment payable from the insurance proceeds at issue in this declaratory judgment action.  BCA seeks to intervene as an assignee and third party beneficiary to any indemnity rights Summit would have under Summit's CGL policies with Amerisure.  BCA seeks to intervene to file a claim for damages and declaratory relief to determine whether the damages asserted by Bordeaux against Summit in the Bordeaux Lawsuit were covered under any of the CGL policies issued to Summit by Amerisure.

Case No. 8:11-CV-77-T-17TGW

In the Counterclaim, Count I seeks a declaratory judgment that Amerisure owed a duty to defend Summit from any and/or all claims in the Underlying Action; that Amerisure owes a duty to indemnify Bordeaux for any or all of the claims in the Underlying Action; that the CGL policies at issue cover the settlements entered into in favor of Bordeaux against Summit; a declaration of judgment against Amerisure for all fees and costs incurred by Summit and Bordeaux, as Assignee for Summit, in the defense, handling and settling of all covered claims that Amerisure refused to defend and/or cover; and that Bordeaux, as Assignee for Summit, is entitled to its attorney's fees and legal assistant fees pursuant to Sec. 627.428 and Sec. 57.104, Florida Statutes, and costs pursuant to Sec. 57.041, Florida Statutes resulting from prosecuting this action and should be taxed against Amerisure.  Count II alleges a breach of contract claim as to Amerisure's failure to defend and indemnify Summit for the claims that are the subject of the Underlying Action pursuant to the policies issued by Amerisure to Summit.  BCA seeks a judgment against Counterdefendant Amerisure for damages, pre- and post-judgment interest taxation of attorney's fees pursuant to Sec. 627.428 and 57.104, Florida Statutes, and costs pursuant to Sec. 57.041, Florida Statutes, as a result of prosecuting this action.

The Court notes that Summit and Crum do not object to the proposed intervention, but Amerisure objects to the proposed intervention.

Amerisure argues that BCA moves to intervene in part to re-argue matters that have previously been decided by the Court.  Amerisure alleges that BCA raises issues concerning alleged proper allocation, lack of exhaustion of the primary policy, failure to credit the policy, and whether Amerisure's duty to defend is implicated.  Amerisure argues that the Court has ruled on some of the issues raised by BCA, and the only viable issue that remains is the issue of indemnity, i.e. whether BCA may recover the consent judgment amount under the Amerisure policies.  Amerisure requests that the Court limit BCA solely to the issue pertaining to whether BCA may recover the amount

2

Case No. 8:11-CV-77-T-17TGW

of the consent judgment under the Amerisure policies, and direct BCA to remove all claims unrelated that issue.  In other words, BCA cannot relitigate coverage determinations or other non-indemnity matters.

Amerisure requests that the Court deny intervention to the extent that BCA seeks to adjudicate non-indemnity issues, order BCA to amend its pleading to concern only duty to indemnify issues, and award costs associated with its motion.

I.  Fed. R. Civ. P. 24 (a)(2)

A party seeking to intervene under Fed. R. Civ. P. 24(a)(2) must show: 1) that the intervention application is timely; 2) that an interest exists relating to the property or transaction which is the subject of the action; 3) that disposition of the action, as a practical matter, may impair or impede the ability to protect that interest; and 4) the existing parties to the suit inadequately represent the interest.  If each of these four factors is met, the Court must allow the party to intervene.  TIG Specialty Insurance Co. v. FinancialWeb.com, 208 F.R.D. 336, 339 (M.D. Fla. 2002).

A.  Timeliness

BCA, Summit and Crum entered into a Confidential Release and Settlement Agreement on August 28, 2013.  Contemporaneously with the execution of the Settlement Agreement, Summit stipulated to a judgment in favor of BCA.  Pursuant to the Settlement Agreement, Summit assigned and transferred its rights, title and interest to indemnity under each CGL policy issued to Summit by Amerisure.

The Court entered an order on dispositive motions on March 20, 2013 (Dkt. 123). A Partial Final Judgment was entered pursuant to that Order on January 2, 2014 (Dkt. 124), and this case was then administratively closed (Dkt. 125).  The Motion to

Case No. 8:11-CV-77-T-17TGW

Intervene was filed on February 24, 2014.

In light of the above facts, the Court finds the Motion to Intervene to be timely.

B.  Interest in the Action

A party is entitled to intervene as a matter of right if the party's interest is direct, substantial, and legally protectable. Georgia v. U.S. Army Corps of Eng'rs. 302 F.3d at 1249. To determine whether the proposed intervenor possesses the requisite interest for intervention purposes, the Court looks at the subject matter of the litigation. Georgia, 302 F.3d at 1251. The inquiry is a flexible one which focuses on the particular facts and circumstances surrounding the motion.  This circuit requires that the intervenor be at least a real party in interest in the transaction which is the subject of the proceeding. Worlds v. Department of Health and Rehabilitative Servs., 929 F.2d 591, 594 (11th Cir. 1991).

In the Counterclaim, BCA seeks a declaratory judgment that, in the Bordeaux lawsuit, Amerisure owes a duty to indemnify Summit from the claims and/or construction defect suit filed by BCA, and other relief.  Pursuant to a consent judgment entered in the Bordeaux lawsuit, Summit assigned its right, title and interest in recovery under each CGL policy to BCA.

After consideration, the Court finds that BCA has an interest in the determination of Amerisure's duty to indemnify Summit under each CGL policy.

Case No. 8:11-CV-77-T-17TGW

C. Impairment

BCA alleges that the disposition of this action may as a practical matter impair or impede BCA's ability to protect its interest.

The Court finds that this factor weighs in favor of granting intervention.

D. Inadequate Representation

BCA asserts that its interest is inadequately represented by the existing parties to this case.

There is a presumption of adequate representation where an existing party seeks the same objectives as the intervenor.  This presumption is weak and may be overcome if some evidence is presented to the contrary.  Clark v. Putnam County, 168 F.3d 458, 461 (11th Cir. 1999).  If the intervenor overcomes the presumption, the Court returns to the general rule that adequate representation exists if: 1) no collusion is shown between the representative and the opposing party; 2) the representative does not have or represent an interest adverse to the proposed intervenor; and 3)  the representative does not fail in the fulfillment of his duty.  Intervenors need only show that the current plaintiff's representation "may be inadequate" and the burden for making such a showing is minimal.  Id.

Since Summit assigned its interest in indemnity under each CGL policy to BCA, Summit no longer has an interest in obtaining relief as to indemnity under the CGL policies.  The Court finds that BCA has met its minimal burden as to adequacy of representation.

Case No. 8:11-CV-77-T-17TGW

After consideration, the Court grants BCA's Motion in part as to intervention as of right.  BCA will be limited to the issue of indemnity, collection  of BCA's consent judgment under the Amerisure policies.  BCA cannot re-litigate coverage determinations or the duty to defend.  Because the Court has granted intervention pursuant to Rule 24(a), the Court denies the request for permissive intervention as moot.

II.  Motion for Relief From Stay

Defendant Summit moves for relief from stay.  Defendant Summit requests an Order lifting the stay, to permit BCA to intervene as a necessary party.  Unless BCA is a party, any declaratory judgment would not be binding on BCA.  See Independent Fire Ins. Co. v. Paulekas, 633 So.2d 1111 (Fla. 3d DCA 1994).

After consideration, the Court grants Defendant's Motion for Relief From Stay.  The Clerk of Court shall reopen this case.  Accordingly, it is

**ORDERED** that BCA's Motion to Intervene (Dkt. 126) pursuant to Fed. R. Civ. P. 24(a)  is **granted in part**; BCA **shall amend** its proposed Answer, Affirmative Defenses and Counterclaim to address only the issue of indemnity; BCA's request for permissive intervention is **denied** as moot.   BCA can pursue only the amount of the underlying consent judgment, is bound by the Court's prior rulings, and is prohibited from rearguing the Court's findings.  It is further

**ORDERED** the Motion for Relief From Stay (Dkt. 128) is **granted**.  The Clerk of Court shall reopen this case.

Case No. 8:11-CV-77-T-17TGW

**DONE and ORDERED** in Chambers, in Tampa, Florida on this
22nd day of September, 2014.


ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record